**George BELL, Petitioner–Appellant,**

**v.**

**Robert E. ERCOLE, Respondent–Appellee.**

**No. 11–4778–pr.**

United States Court of Appeals, Second Circuit.

March 22, 2012.

Katheryne M. Martone, The Legal Aid Society Criminal Appeals Bureau, New York, NY, for Appellant.

Linda Cantoni, Assistant District Attorney (John M. Castellano, Assistant District Attorney, on the brief), for Richard A. Brown, District Attorney for Queens County, Kew Gardens, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant George Bell appeals from an order of the United States District Court for the Eastern District of New York (Korman, *J.*), which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts and procedural history.

We affirm for substantially the same reasons given by the district court. There were, without question, numerous errors in the petitioner's trial, and some of the errors related to his constitutional rights, including the right under the Confrontation Clause to effective cross examination, *see Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and the defendant's right under the Due Process Clause to a meaningful opportunity to present a complete defense, *see Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986).

But to overturn a state court criminal conviction in a habeas corpus proceeding under 28 U.S.C. § 2254, more is required than errors relating to constitutional rights. Under the rule of *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), the errors, considered in the aggregate, must be of sufficient importance that they "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation omitted); *see also Chambers v. Mississippi*, 410 U.S. 284, 298, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In considering the evidence as a whole, we conclude that the trial court errors in Bell's case did not meet this standard.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**